RE: PARTICIPATION IN AG-LINK DEPOSIT PROGRAM
ATTORNEY GENERAL ROBERT HENRY HAS ASKED ME TO RESPOND TO YOUR LETTER DATED MARCH 15, 1989, REQUESTING ADVICE FROM THIS OFFICE AS TO YOUR ELIGIBILITY FOR INVOLVEMENT IN THE OKLAHOMA AGRICULTURAL LINKED DEPOSIT PROGRAM ("THE "PROGRAM"), 2 O.S. 1761 — 2 O.S. 1769 (1988). YOU ASK SPECIFICALLY ABOUT THE EXISTENCE OF ANY CONSTITUTIONAL OR STATUTORY BARRIERS TO THE PARTICIPATION IN THIS PROGRAM OF OTHERWISE QUALIFYING AGRICULTURAL BUSINESSES OPERATED BY STATE LEGISLATORS. YOU HAVE INDICATED THAT AN INFORMAL RESPONSE FROM THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL WILL MEET YOUR NEEDS AND THAT THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY.
THE MOST IMPORTANT THRESHOLD ISSUE TO BE ADDRESSED IN RESPONSE TO YOUR QUESTION IS WHETHER AGRICULTURAL BUSINESSES WHICH OBTAIN LOANS FROM PRIVATE LENDING INSTITUTIONS WHICH PARTICIPATE IN THE AG-LINK PROGRAM ARE, IN EFFECT, CONTRACTING WITH THE STATE. THIS INQUIRY IS CRITICAL BECAUSE THE OKLAHOMA CONSTITUTION PROHIBITS LEGISLATORS FROM MAKING SUCH CONTRACTS. ARTICLE V, SECTION 23 PROVIDES, IN PERTINENT PART:
 "NO MEMBER OF THE LEGISLATURE SHALL . . . DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED, DIRECTLY OR INDIRECTLY, IN ANY CONTRACT WITH THE STATE . . ." (CONFLICT OF INTEREST)
THUS, IF THE LOAN CONTRACT IS ONE BETWEEN THE BORROWER AND THE STATE, OR IF THERE ARE OTHER CONTRACTUAL UNDERTAKINGS BETWEEN THE STATE AND AGRICULTURAL BUSINESSES WHICH PARTICIPATE IN THE PROGRAM, THE TRANSACTION WOULD BE BARRED BY ARTICLE V, SECTION 23 IF A LEGISLATOR WERE THE BORROWER. TO ASCERTAIN WHETHER THE PROGRAM CREATES A CONTRACT BETWEEN THE STATE AND PARTICIPATING FARMERS AND RANCHERS, WE TURN TO THE STATUTORY PROVISIONS ESTABLISHING THE PROGRAM. FROM AN EXAMINATION OF THOSE STATUTES, IT APPEARS THAT THE LEGISLATURE INTENDED TO ENCOURAGE PRIVATE FINANCIAL INSTITUTIONS TO LEND MONEY TO DISTRESSED FARM AND RANCH BUSINESSES (BOTH ARE STATUTORILY DEFINED TERMS: 2 O.S. 1762(1) AND 2 O.S. 1762(5)) BY PERMITTING THE STATE TREASURER TO ENTER INTO AGREEMENTS WITH PRIVATE LENDING INSTITUTIONS WISHING TO PARTICIPATE IN THE PROGRAM. 2 O.S. 1767(C). THE STATE IS NOT A PARTY TO THE LOANS GRANTED ELIGIBLE AGRICULTURAL BUSINESSES UNDER THE PROGRAM AND, IN FACT, THE STATE SPECIFICALLY DISCLAIMS ANY LIABILITY FOR PAYMENT OF INTEREST OR PRINCIPAL BY THE BORROWER. 2 O.S. 1769. THIS STATUTE ALSO DISAVOWS ANY RELATIONSHIP BETWEEN PERFORMANCE ON THE NOTE BY THE BORROWER AND THE STATE'S AGRICULTURAL LINKED DEPOSIT AGREEMENT WITH THE LENDER. ID.
FURTHERMORE, THE POTENTIAL BORROWER MAKES APPLICATION TO THE LENDER, (2 O.S. 1766(B)) NOT TO THE STATE, AND IT IS THE LENDER, NOT THE STATE, WHICH MAKES ALL DECISIONS REGARDING THE CREDIT WORTHINESS OF THE BORROWER (2 O.S. 1766(C)(1)). THIS ANALYSIS COMPELS THE CONCLUSION THAT THE ARTICLE V, SECTION 23 PROHIBITION AGAINST LEGISLATOR CONTRACTS WITH THE STATE IS NOT IMPLICATED BY THE PROGRAM BECAUSE THE STATE CONTRACTS WITH LENDERS NOT WITH BORROWERS.
HAVING CONCLUDED THAT THERE IS NOT A CONSTITUTIONAL PROVISION WHICH PROHIBITS YOUR PARTICIPATION IN THE PROGRAM, ONE TURNS NEXT TO THE PROVISIONS OF THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT TO ASCERTAIN WHETHER YOUR INVOLVEMENT IS PRECLUDED BY STATUTE. THE APPLICABLE ENACTMENT IS 74 O.S. 4246. THE FULL TEXT OF THIS STATUTE READS AS FOLLOWS:
(TEXT OF THE CONFLICT OF INTEREST CODE FOR LEGISLATORS)
NONE OF THESE PROHIBITIONS EXTENDS TO YOUR PARTICIPATION IN THE PROGRAM. EVEN THE FIRST PROHIBITION DOES NOT COVER YOUR PARTICIPATION IN FUTURE LEGISLATIVE ACTION ON THIS PROGRAM AS LONG IT IS GENERAL INTEREST LEGISLATION.
I WOULD CALL YOUR ATTENTION, HOWEVER, TO THE DISCLOSURE AND NON-PARTICIPATION REQUIREMENTS OF ARTICLE V , SECTION 24 OF THE OKLAHOMA CONSTITUTION:
 "A MEMBER OF THE LEGISLATURE, WHO HAS A PERSONAL OR PRIVATE INTEREST IN ANY MEASURE OR BILL, PROPOSED OR PENDING BEFORE THE LEGISLATURE, SHALL DISCLOSE THE FACT TO THE HOUSE OF WHICH HE IS A MEMBER, AND SHALL NOT VOTE THEREON."
WHETHER A MEMBER HAS A PERSONAL OR PRIVATE INTEREST IN ANY BILL, THUS TRIGGERING THIS PROVISION, WILL INEVITABLY HINGE ON THE SUBSTANCE OF THE LEGISLATIVE PROPOSAL; THEREFORE, IT IS IMPOSSIBLE TO PROVIDE LEGALLY CORRECT GUIDANCE FOR EVERY CONCEIVABLE FUTURE CIRCUMSTANCE IN WHICH THIS PROVISION MIGHT BE IMPLICATED.
IN SUMMARY, I CAN FIND NO CONSTITUTIONAL OR STATUTORY IMPEDIMENT TO YOUR PARTICIPATION IN THE AGRICULTURAL LINKED DEPOSIT PROGRAM ASSUMING YOU MEET THE REQUIREMENTS APPLICABLE TO ALL POTENTIAL PARTICIPANTS. IF YOU DO PARTICIPATE YOU MAY WELL BE REQUIRED TO ABIDE BY THE NOTICE AND DISQUALIFICATION STANDARDS OF ARTICLE V, SECTION 24 IF YOU HAVE THE OPPORTUNITY TO VOTE ON PENDING LEGISLATION WHICH WOULD AFFECT YOUR PERSONAL OR PRIVATE INTERESTS AS A PARTICIPANT IN THE PROGRAM. I HOPE THESE REMARKS ARE HELPFUL TO YOU EVEN THOUGH THEY REPRESENT MY VIEWS AND DO NOT CONSTITUTE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
(NED BASTOW)